WILLIAM H. DRAPER *vs.* DANIEL H. HORTON.

PROVIDENCE—APRIL 17, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Promissory Notes.    Interest.    Usury.    Evidence.*

Under Gen. Laws R. I. cap. 166, § 11, parties can agree upon any rate of interest and are bound by payments at a higher rate than six per cent. made specifically for interest.

(2) *Promissory Notes.    Interest.    Pleading.    Variance.*

A stipulated rate of interest for forbearance after maturity can be recovered under a count for interest, although the note sued on in another count shows a different rate of interest.    One rate being before and the other after maturity, there is no variance between the evidence and the declaration.

ASSUMPSIT.    The facts appear in the opinion.    Heard on petition of defendant for new trial, and petition denied.

STINESS, C. J.    This is an action to recover a balance due on a promissory note dated September 17, 1892, for one hundred dollars payable thirty days after date, with interest at one per cent. per month.    The declaration also contained a count for interest for forbearance.

(1)    Payments of interest are indorsed upon the note down to July 17, 1895.    These payments were made at the rates of three and two per cent. per month, and the defendant claims that they were made and should be allowed in reduction of

the principal. The plaintiff says that when the note was due there was a special agreement to extend the time at the rate of three per cent. per month for a few months, and then at two per cent. ; that the payments were made, according to that agreement, for interest and not on account. The defendant denies such an agreement. The jury found that such an agreement was made, and that the payments were made as interest.

There was evidence to sustain the verdict. The only witnesses to the agreement were the parties to the suit. The payments, however, strongly corroborated the plaintiff, being exactly the percentage on the amount due from month to month, which he claimed for interest. The verdict, therefore, was not against the evidence.

Neither was it against the law. Pub. Stat. cap. 141, and Gen. Laws cap. 166, § 11, provided for interest at the rate of six per cent. per annum, "in all business transactions where interest is secured or paid," unless a different rate is expressly stipulated. In *Pearce* v. *Hennessy*, 10 R. I. 223, it was held that interest runs at the stipulated rate on the debt up to the time it becomes due, and after that, where there is no stipulation to the contrary, at six per cent. Hence, after the maturity of the note, the parties were free to agree upon any rate of interest, and the jury have found that they did so agree. The same was held in *Pettis* v. *Ray*, 12 R. I. 344, and also that a party is bound by payments at a higher rate than six per cent. made specifically for interest as such. The payments in this case are found to be such by the jury.

The defendant excepted to the admission of certain testimony of admissions of the amount due, made by the defendant to the plaintiff, upon the ground that they were made as an offer of compromise. We are not referred to any testimony showing a compromise, and none appeared in the testimony to which exception was taken. The mere fact that a person offers, after suit brought, to pay the plaintiff's claim without costs does not, of itself, show a compromise, but rather an effort by a defendant to get off as cheaply as he can. We see no error in the rulings.

(2)    The defendant also argues that there is a variance between the evidence and the declaration, because the note set out in the declaration is at one per cent. per month ; and that the count for interest, being an implied contract, " would be simply a contract to pay the legal rate of interest prevailing in Rhode Island or, possibly, after said note was presented thereunder, to pay the rate indicated in said note."

As we have seen, the rate stipulated in the note runs only to its maturity. After maturity the parties may stipulate for another rate in consideration of forbearance. The defendant's argument omits the fact that this stipulated rate is just as legal under the statute as six per cent. That rate is only the legal rate where there is no other stipulated rate. Such stipulated rate may be recovered under a count for interest, and, being for forbearance after the maturity of a note, there is no variance between the evidence of such stipulation and the rate set out in the note, which only runs up to the time when the note is payable.

Petition for a new trial is denied, and case remitted.

*Richard E. Lyman*, for plaintiff.
*Page & Cushing*, for defendant.